UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wendell Wilkins,<br><br>      Plaintiff,<br><br>vs.<br><br>Shawn Harley, State Law Enforcement Division;<br>Fred Hamer, Investigator of RCI;<br>Lavern Cohen, Warden of RCI;<br>William Byars, Director of SCDC,<br><br>      Defendants. | C/A No. 6:11-03463-MBS-KFM<br><br><br><br><br><br><br><br><br>**Report and Recommendation** |

Wendell Wilkins ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names state employees as Defendants.[1] Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

*FACTS PRESENTED*

Plaintiff states that, on "November 20, 2007, in the afternoon while housed at Ridgeland Correctional Institution in Jasper County South Carolin[a] a murder took place during a robbery attempt." ECF No. 1, page 3. Plaintiff alleges that he was falsely accused of having committed the murder, and he was taken to the Jasper County Detention Center on December 18, 2007. *Id.* at 4-5. Plaintiff was then booked and served warrants for

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

murder and armed robbery. *Id.* Plaintiff indicates that his trial "lasted from the 9th till the 11th of August 2010" and ended in verdict of "not guilty." *Id.* at 5. Plaintiff complains that, due to the murder charge, he was placed in a Special Management Unit (SMU) at various times and was transferred to different institutions during the period prior to trial. *Id.* at 3-5. Plaintiff, who seeks monetary damages, alleges that the false accusation and malicious prosecution caused him pain and mental anguish. *Id.* at 5-6.

## *APPLICABLE LAW AND ANALYSIS*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where a complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a

claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319.

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

To the extent Plaintiff is alleging pain and suffering, mental anguish, cruel and unusual punishment, and slander, ECF No. 1, page 2, this case is subject to summary dismissal as a duplicate filing. Plaintiff has already filed a nearly identical case in this Court, involving those same issues and naming the same Defendants as the instant Complaint.[2] *See Wendell Wilkins v. Shawn Harley, et al.*, Civil Action No. 6:10-02516-MBS-KFM (D.S.C.).[3] Like the instant pleading, Plaintiff's prior case alleged that he was falsely accused of, and served warrants for, murder and armed robbery on December 18, 2007. The murder charge, which stemmed from a November 20, 2007, incident at Ridgeland Correctional Institution, ended in a verdict in Plaintiff's favor. Plaintiff's prior case was

---

[2] C/A No. 6:10-02516-MBS-KFM named Shawn Harley, Fred Hamer, Lavern Cohen and Jon Ozmint as Defendants. The instant Complaint replaces Jon Ozmint with the current Director of the South Carolina Department of Corrections, William Byars.

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker,* 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

3

summarily dismissed on February 3, 2011, for failure to state a cognizable false arrest claim. The Report and Recommendation in Plaintiff's prior case stated:

> An allegation of false arrest must be based upon a claim that an arrest was not supported by probable cause. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir.1996). If a facially valid arrest warrant is obtained prior to an arrest, no false arrest can occur. *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir.1998). Contrary to Plaintiff's assertion, the reason that Plaintiff's complaint is subject to summary dismissal is not that he failed to make a legal argument, it is that Plaintiff failed to allege facts indicating that his arrest was not supported by probable cause. Affidavits supporting arrest warrants are presumptively valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Plaintiff has not set forth any facts to indicate that the affidavit supporting the arrest warrant was false. As a result, Plaintiff has failed to state a claim for false arrest.

*Id.* at ECF No. 24, pages 3-4.

To the extent that the issues and facts involved in the Complaint *sub judice* have already been addressed in Plaintiff's prior case, this duplicate § 1983 Complaint is frivolous and subject to summary dismissal. *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623 at *1 (4th Cir. Aug. 14, 2000)("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."). Therefore, in the interests of judicial economy and efficiency, the instant Complaint should be summarily dismissed. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

It is noted that, while the instant Complaint provides no new factual allegations, Plaintiff does add the term "malicious prosecution" to the list of issues he is attempting to litigate. ECF No. 1, page 2. "While it is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution, if there is

4

such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009)(citations omitted).  *See also Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)(in order for a plaintiff to state a malicious prosecution claim for seizure violative of the Fourth Amendment, the Fourth Circuit has required seizure of the plaintiff pursuant to legal process that was not supported by probable cause and termination of the criminal proceedings in plaintiff's favor). The instant Complaint, like Plaintiff's prior case, alleges that the criminal proceedings terminated in Plaintiff's favor.  However, Plaintiff again fails to provide facts to demonstrate the falsity of the affidavits supporting Plaintiff's arrest warrants.   As the instant Complaint provides insufficient factual allegations to show a lack of probable cause for Plaintiff's arrest, his malicious prosecution claim is subject to summary dismissal.

## *CONCLUSION AND RECOMMENDATION*

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.

January 11, 2012                                         s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).