IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wendell Wilkins, ) | |
| ) | C/A No. 6:11-3463-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Shawn Harley, State Law Enforcement ) | |
| Division; Fred Hamer, Investigator of ) | |
| RCI; Lavern Cohen, Warden of RCI; ) | |
| William Byars, Director of SCDC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

    Plaintiff Wendell Wilkins is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at Evans Correctional Institution in Bennettsville, South Carolina. At the time of the underlying events, Plaintiff was housed at Ridgeland Correctional Institution(RCI) in Ridgeland, South Carolina. Plaintiff, proceeding pro se, filed a complaint on December 27, 2011, alleging that he was falsely accused of a murder and armed robbery that took place at RCI.

    In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act of 1996. On January 12, 2012, the Magistrate Judge filed a Report and Recommendation in which he noted that (1) as to Plaintiff's claims of pain and suffering, mental anguish, cruel and unusual punishment, the case is subject to summary dismissal because the case appears to be nearly identical to <u>Wilkins v. Harley</u>, C/A No. 6:10-2516-MBS-KFM, which case was summarily dismissed on February 3, 2011; (2) as to Plaintiff's claim of malicious prosecution, the complaint provides insufficient allegations to show a lack of probable cause for Plaintiff's arrest at

RCI. Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed without prejudice. On January 24, 2012, Plaintiff filed a letter indicating that "I really didn't mean for my complaint to be filed federal, it was meant to be a[] tort state claim so I would not be responding to the objection[.]" ECF No. 14.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. The complaint is dismissed without prejudice. The Clerk of Court is instructed to provide Plaintiff with a copy of his complaint.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
January 26, 2012.

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**